UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SHELLY MAY GRIGNON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00080-LEW |
| | ) | |
| NORTHERN LIGHT HEALTH, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Self-Represented Plaintiff Shelly May Grignon brings suit against Northern Light Health alleging that she was denied employment due to her religious beliefs. (Complaint, ECF No. 1.) Before the Court is Defendant's Motion to Dismiss (ECF No. 6). For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

In drawing this background, the Court accepts as true all of the Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in her favor. *Guilfoile v. Shields*, 913 F.3d 178, 186 (1st Cir. 2019).

Maine mandates that employees of certain licensed healthcare facilities be vaccinated against various diseases. By statute, Maine empowers its Department of Health and Human Services ("DHHS") to designate which healthcare employers need to require proof of immunization and against which diseases. 22 M.R.S. § 802(1). By regulation, DHHS mandates that "each Designated Healthcare Facility in the State of Maine must

require for all employees who do not exclusively work remotely a Certificate of Immunization, or Proof of Immunity . . . against" specified diseases and viruses. Code of Me. Rules, tit. 10-144, ch. 264 § 2 ("Immunization Requirements for Healthcare Workers"). "'Designated health care facility' means a licensed nursing facility, residential care facility, intermediate care facility for persons with intellectual disabilities, multi-level health care facility, hospital or home health agency." 22 M.R.S. § 802(4-A). For purposes of the Motion to Dismiss, the Court infers from the alleged facts that Defendant Northern Light Health is not a Designated Healthcare Facility in all its varied incarnations and that, rather, it operates some facilities that are Designated Healthcare Facilities and some that are not.

Employers are responsible for ensuring employee vaccination status, and those who are noncompliant can face harsh penalties, such as a $1,000 fine per day per violation or a license suspension. 22 M.R.S. § 804. Previously, the law allowed an exemption against the immunization requirement for sincere religious beliefs. *Id.* § 802(4-B)(A)-(B) (2019). In 2019, the Maine Legislature discontinued the religious exemption.

Plaintiff Grignon previously worked for a Northern Light Health facility and held a religious exemption from the vaccination requirement. She left her job with Northern Light Health prior to the 2019 amendment. In 2023, Grignon again sought employment with a Northern Light Health facility and interviewed for a "medical assistant in training" position. During the interview, Grignon informed Northern Light Health that she had previously held a religious exemption. After the interview, Northern Light Health

contacted Grignon to tell her it did not allow religious exemptions and declined to hire her because she would not get vaccinated.

Grignon filed a complaint with the Equal Employment Opportunity Commission. The Commission found "reasonable cause to believe that violations occurred" but "could not obtain a settlement." Compl. at 6. It explained that Northern Light Health "failed to consider a reasonable accommodation . . . as required by Title VII." EEOC Final Determination (ECF No. 8-3, PageID # 38). The Commission informed Grignon of her right to sue. Grignon then brought suit alleging Northern Light Health violated Title VII of the Civil Rights Act.

## DISCUSSION

To avoid dismissal Grignon must provide "a short and plain statement of the claim showing [she is] entitled to relief." Fed. R. Civ. P. 8(a)(2). This means Grignon's Complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If the facts in the Complaint, viewed in a light most favorable to Grignon, allow a reasonable inference that Northern Light Health is liable to her, dismissal is unwarranted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Grignon brings only one claim against the Defendant, alleging that Northern Light Health's refusal to accommodate her religious beliefs is unlawful employment discrimination. Title VII of the Civil Rights Act provides it is an "unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms,

conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). The First Circuit uses a two-step approach to religious discrimination claims. *Sánchez-Rodríguez v. AT & T Mobility P.R., Inc.*, 673 F.3d 1, 12 (1st Cir. 2012). First, Grignon must make a "prima facie case that [her] bona fide religious practice conflicts with an employment requirement and was the reason for the adverse employment action." *Id.* Defendant does not argue over this prong beyond citing out-of-circuit authority for the proposition that a plaintiff cannot make a prima facie case where her religious beliefs conflict with a statute. At this stage, I find it plausible that Grignon has stated a prima facie case in this Circuit.

The second step shifts the burden to Northern Light Health to show "that it offered a reasonable accommodation or, if it did not offer an accommodation, that doing so would have resulted in an undue hardship." *Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126, 133 (1st Cir. 2004). This is where Defendant mounts much of its argument. Undue hardship is an affirmative defense, but I may still dismiss Grignon's Complaint if "the facts establishing the defense [are] clear on the face of [Grignon's] pleadings" and "there is 'no doubt' that [her claims are] barred." *Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019). Because *Grignon's* pleadings do not make Northern Light Health's defense clear, I deny the Motion to Dismiss.

Defendant's argument is based almost entirely on *Lowe v. Mills*, where several Maine healthcare workers who were denied religious exemptions to Maine's vaccine mandate brought a near identical claim. 68 F.4th 706, 709 (1st Cir. 2023). The First Circuit found that the severe penalties of noncompliance with the state's vaccine requirements

"constituted an undue hardship under any plausible interpretation of the statutory text." *Id.* at 721. In Defendant's view, the facts of *Lowe* are on all fours with the facts here, and Grignon's Complaint should be dismissed. However, Defendant's arguments ignore the applicable motion to dismiss standard.

Defendant's reliance on *Lowe* is predicated on their contention that Grignon "did not apply for employment with Defendant (Northern Light Health), rather she applied with Northern Light Sebasticook Valley Hospital."[1]  Def.'s Mot. at 5 n.4. Northern Light Sebasticook Valley Hospital is clearly covered by Maine's vaccine mandates. *See* 22 M.R.S. § 802(4-A) ("'Designated health care facility' means a . . . hospital[.]"). However, Plaintiff alleges that she applied to "Northern Light Health Pittsfield," which, by her account, is a medical clinic rather than a hospital. *See Roeder v. Alpha Indus., Inc.*, 814 F.2d 22, 25 (1st Cir. 1987) ("In ruling on a motion to dismiss, . . . a court should not decide questions of fact.").

Because, as alleged, Plaintiff sought employment at a clinic rather than a hospital, Defendant's defense to liability is not clear on the face of the pleadings. Northern Light Health's *Lowe* argument "cannot succeed at the motion to dismiss stage because the argument requires the development of the factual record." *Guillemard-Ginorio v. Contreras Gomez*, 161 F. App'x 24, 28 (1st Cir. 2005).

---

[1] Defendant also briefly argues that Grignon has named the wrong legal entity and her suit may be dismissed on those grounds too. Given the discrepancy as to what part of Northern Light Health's "integrated health delivery system" Grignon applied to, I decline to summarily dismiss the suit on that ground.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 6) is DENIED.


**SO ORDERED.**

Dated this 15th day of July, 2025.


/s/ Lance E. Walker
Chief U.S. District Judge